IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOU TYLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-981-K-BN |
| | § | |
| PHH MORTGAGE SERVICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lou Tyler filed this *pro se* lawsuit arising out of foreclosure proceedings concerning her home on Reitz Drive, in Cedar Hill, Texas in a Dallas County state court. *See* Dkt. No. 1-1, Ex. F.

Defendant PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC ("PHH") removed Tyler's lawsuit to federal court. *See* Dkt. No. 1.

United States District Judge Ed Kinkeade then referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

This lawsuit appears to be Tyler's seventh in this district against PHH (or its successor Ocwen) and Deutsche Bank National Trust Company concerning the home on Reitz Drive. *See Tyler v. PHH Mortg. Corp.*, No. 3:19-cv-3007-C-BT, 2020 WL 5520609, at *1 (N.D. Tex. Sept. 4, 2020) (setting out the history of the prior proceedings), *rec. adopted & sanctions warning issued*, 2020 WL 5514212 (N.D. Tex.

Sept. 14, 2020) ("*Tyler VI*"), *appealed dismissed*, 2021 WL 3640042 (5th Cir.), *cert. denied*, 142 S. Ct. 404 (2021).

And, on September 14, 2020, the court in *Tyler VI* dismissed Tyler's lawsuit with prejudice, granting the defendants' motion to dismiss based on res judicata and warning Tyler "that she may be subject to additional sanctions should she persist in the filing of duplicative and vexatious lawsuits." *Tyler VI*, 2020 WL 5514212, at *1; *see also Tyler v. Ocwen Loan Serv'g, L.L.C.*, 710 F. App'x 221, 221 (5th Cir. 2018) (per curiam) (dismissing appeal as frivolous and cautioning Tyler "that future frivolous or repetitive filings in this court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court or any court subject to this court's jurisdiction").

Tyler nevertheless filed this action in February 2023. *See* Dkt. No. 1-1, Ex. F.

After removal, the Court granted Tyler's motion for leave to proceed *in forma pauperis* ("IFP") under the provisions of 28 U.S.C. § 1915, *see* Dkt. Nos. 28 & 29, even though the state court also granted Tyler leave to proceed IFP prior to removal, *see* Dkt. No. 1-1, Ex. E.

PHH then moved to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(6) based on res judicata. *See* Dkt. Nos. 31-33. Tyler did not respond to the motion, and the deadline by which to so has expired. *See* Dkt. No. 36.

The undersigned now enters these findings of fact, conclusion of law, and recommendation that the Court should dismiss this lawsuit as malicious and enter an appropriate prefiling sanction.

**Discussion**

Section 1915(e) requires that the Court "dismiss the case at any time" if it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))).

And, "[r]eading *Pittman* and *Wilson[ v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989),]* in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex.

June 18, 2003).

"Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to this rule applies here, an exception that "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

As to the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*,

428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citation omitted)); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

All four conditions are met here for the reasons set out in detail in *Tyler VI*. *See Tyler VI*, 2020 WL 5520609, at *4-*6.

In addition, because the Court and the United States Court of Appeals for the Fifth Circuit previously warned Tyler that future duplicative lawsuits or repetitive filings will result in the imposition of sanctions – after which, she elected to file this lawsuit in state court – the Court should now impose an appropriate sanction based on Tyler's continuing to pursue duplicative lawsuits concerning foreclosure proceedings as to the home on Reitz Drive.

"[T]he judicial system is generally accessible and open to all individuals."

*Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995).

But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

And

> [a] court may impose a prefiling sanction on a vexatious litigant, if the following factors weigh in favor of doing so:
> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Tyler VI*, 2020 WL 5520609, at *6 (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)).

For the reasons set out above and spelled out in detail in *Tyler VI*, the balance of the applicable factors weighs in favor of a prefiling sanction against Tyler limited to the subject matter of the serial litigation that she has continued to pursue.

And the Court should bar Tyler from proceeding either *in forma pauperis* or *pro se* in any action in this Court concerning foreclosure proceedings as to the home on Reitz Drive – whether filed here; filed in state court and removed to this Court; or

filed in another federal court and transferred to this Court – without first obtaining leave to file from a judge of the Court in writing.

## Recommendation

The Court should dismiss this lawsuit as malicious and issue an appropriate prefiling sanction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE